IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**MICHAEL S. KINANE,**

      **Plaintiff,**

v.

**HECTOR M. ACOSTA, LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company, and PENSKE LEASING and RENTAL COMPANY, a Delaware corporation,**

      **Defendants.**

ELECTRONICALLY FILED
Sep 09 2022
U.S. DISTRICT COURT
Northern District of WV

STATE CIVIL ACTION NO.: 22-C-190
CIVIL ACTION NO: 1:22-cv-88 (Kleeh)

## LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lowe's Home Centers, LLC ("Lowe's") hereby removes this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, Lowe's states that this Court has diversity jurisdiction over this action and pleads as follows:

1. On or about August 17, 2022, Plaintiff commenced this action by filing a Complaint against Lowe's in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-190, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon Lowe's designated agent for service of process on August 19, 2022. A Certified Copy of the Monongalia County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Monongalia County Circuit Court's file is attached as **Exhibit C**.

2. Plaintiff Michael S. Kinane alleges that on or about January 28, 2022, he was injured when he was struck head on, by the commercial motor vehicle owned by Defendant

Penske, leased by Defendant Lowe's and being operated by Defendant Acosta. (**Ex. A**, at ¶¶ 6-11). As a result, Plaintiff alleges he "sustained permanent physical injuries." (*Id.* at ¶ 9).

3. Named defendants are Lowe's Home Centers, LLC., Hector M. Acosta ("Acosta"), and Penske Leasing and Rental Company ("Penske"). (*See*, **Ex. A**).

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322 (1999). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).

5. This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of the Complaint in this action.

## VENUE

8. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Northern District of West Virginia is the United States District Court embracing Monongalia County, where the state court action was pending in the Circuit Court of Monongalia County.

## DIVERSITY OF CITIZENSHIP

9. This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants.

10. Upon information and belief, Plaintiff Michael S. Kinane a citizen of Greer, South Carolina, Defendant Acosta is a resident of Miami, Florida, and Defendant Penske is a resident of

Delaware. (**Ex. A** at ¶¶ 1-4).

11. With the exception of certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See also Central W. Va. Energy, Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

12. At the time of the commencement of this action and at the time of removal, Lowe's was and is a North Carolina limited liability company with its principal office in North Carolina. All of Lowe's members are citizens of North Carolina. Thus, Lowe's is a citizen of North Carolina. *See* documentation from the West Virginia Secretary of State related to Lowe's and attached as **Exhibit D.**

13. Accordingly, there is complete diversity in this civil action, as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

14. Plaintiff alleges that because of the incident described in the complaint, he sustained the following injuries and damages:

    a. Injuries "in and about his cervical spine fracture and patella fracture," of which some may be permanent and lasting in nature;

    b. Permanent physical injuries;

    c. A loss of enjoyment of life

    d. Physical and emotional pain and suffering;

    e. Loss of income; and

    f. Medical and rehabilitation expenses.

(*See*, **Ex. A** at ¶ 9).

15. The Complaint does not specify the exact amount of damages sought by Plaintiff

or the amount in controversy in this case. However, Plaintiff's counsel confirmed via email on August 24, 2022, that his client is seeking damages in excess of $75,000, exclusive of interest and costs. *See* August 24, 2022, Email, attached as **Exhibit E**; *see also* 28 U.S.C. § 1332(a).

16. Therefore, the jurisdictional amount is established to satisfy the requirements of 28 U.S.C. § 1332(a).

## OTHER MATTERS

18. The Clerk of the Circuit Court of Monongalia County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

19. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia.

20. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

21. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

WHEREFORE, Lowe's hereby removes this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

LOWE'S HOME CENTER, LLC
BY COUNSEL,

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

/s/ Colton C. Parsons
Colton C. Parsons (WVSB # 13243)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Colton.Parsons@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

MICHAEL S. KINANE,

        Plaintiff,

v.	CIVIL ACTION NO.: 22-C-190

HECTOR M. ACOSTA, LOWE'S HOME
CENTERS, LLC, a North Carolina
Limited Liability Company,
and PENSKE LEASING and RENTAL COMPANY,
a Delaware corporation,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing *"Lowe's Home Centers, LLC's Notice of Removal"* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have mailed complete copies of this filing to counsel of record via First Class US Mail:

        J. Michael Benninger, Esquire
        Benninger Law PLLC
        P.O. Box 623
        Morgantown, WV 26507
        Counsel for Plaintiff

        /s/ Colton C. Parsons
        Colton C. Parsons, Esq.

11286947.1